```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

Chyrianne H. Jones,          :

    Plaintiff,            :

  v.                         :        Case No. 2:08-cv-1047

St. Jude Medical S.C., Inc., :        JUDGE SMITH

    Defendant.            :

## ORDER

This matter is before the Court on the motion to amend and/or supplement her complaint instanter filed by plaintiff Chyrianne Jones. This motion has been fully briefed. For the following reasons, the motion (#21) will be granted.

### I. Background

In this employment case, Ms. Jones has asserted claims of race, color and gender discrimination in violation of 42 U.S.C. §2000e *et. seq.* and Ohio Revised Code Chapter 4112 and claims of race and color discrimination in violation of 42 U.S.C. §1981. Ms. Jones seeks to amend or supplement her complaint instanter to include a claim of retaliation based on adverse employment actions allegedly taken against her following the filing of her charge of discrimination with the Ohio Civil Rights Commission and the Equal Employment Commission and the instant complaint. Ms. Jones also seeks to add claims arising from defendants' alleged violation of state and federal equal pay statutes based upon information she has obtained through discovery.

Defendants St. Jude Medical and Michael Moore oppose the motion to amend on two separate grounds. With respect to Ms. Jones' proposed wage discrimination claims, these defendants assert that Ms. Jones has not established good cause as required by Fed.R.Civ.P. 16(b) for amending the pleadings after the

Court's deadline.  As the defendants point out, the Court's Preliminary Pretrial order established April 30, 2009, as the deadline for filing any motions to amend the pleadings.  According to these defendants, the underlying facts relating to these claims were known to Ms. Jones prior to this deadline and her lack of diligence in pursuing them prevents any finding of good cause.  In support of this argument, the defendants point to specific allegations in her original complaint at paragraphs 13-14 and 19-20 which are identical to allegations in the proposed amended complaint.  These allegations relate to Ms. Jones' compensation levels.  With respect to Ms. Jones' proposed retaliation claims, defendants contend these claims are futile because materially adverse employment actions and facts which support a causal connection have not been alleged.

        II.   The Proposed Wage Discrimination Claims

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires.  However, when, as here, the deadline established by the Court's scheduling order has passed, the Sixth Circuit has made clear that, "a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend" and the Court "must evaluate prejudice to the nonmoving party 'before a court will [even] consider whether amendment is proper under Rule 15(a).'" Commerce Benefits Group, Inc v. McKesson Corp., 326 Fed. Appx. 369 (6th Cir. 2009)(quoting Leary v. Daeschner, 349 F.3d 888 (6th Cir. 2003)); see also Hill v. Banks, 85 Fed. Appx. 432, 433 (6th Cir. 2003).  Consequently, the Court is permitted to examine the standard factors governing amendments of the complaints under Rule 15(a) only if it is satisfied that the date for the filing of a motion for leave to amend is properly extended under the good cause provisions of Rule 16(b).

Ms. Jones contends that she has demonstrated the necessary good cause for a number of reasons. According to Ms. Jones, at the conclusion of the pretrial, the parties agreed to mediate this case prior to conducting discovery. As a result of scheduling issues, the mediation did not occur until after the time limit for amending the pleadings had expired. Ms. Jones asserts that, within a reasonable time period following the mediation, she undertook discovery which resulted in claims of privilege and the eventual filing of an agreed protective order. Further, Ms. Jones states that, on the same day the agreed protective order was filed, she filed her motion to amend. In short, Ms. Jones asserts that any delay in discovering the basis for amending her complaint was beyond her control.

Further, Ms. Jones contends that, although she alleged in her original complaint that she was the lowest paid sales representative in the Columbus, Ohio region, this allegation standing alone was insufficient to support her proposed wage claims. According to Ms. Jones, it was not until she obtained specific information through discovery that she had the evidentiary support necessary to make the proposed wage claims in compliance with Rule 11 requirements.

Finally, Ms. Jones argues that defendants will not be prejudiced by the filing of an amended complaint after the previously established deadline. As noted by Ms. Jones, neither party has taken depositions, discovery issues remain, no dispositive motions have been filed, and no trial date has been set.

The Court finds that Ms. Jones has demonstrated good cause for her failure to seek leave to amend prior to the deadline of April 30, 2009. Given the progress of this case to date, the Court does not believe that Ms. Jones' lack of diligence is the reason she has sought leave to amend past the deadline of April

3

30, 2009. Moreover, and equally as significant, the defendants have not pointed to any prejudice they will suffer that might dissuade the Court from simply proceeding with an analysis of Ms. Jones' motion under Rule 15(a).

The United States Court of Appeals for the Sixth Circuit has spoken extensively on the standard for granting leave under Rule 15(a), relying upon the decisions of the United States Supreme Court in <u>Foman v. Davis</u>, 371 U.S. 178 (1962) and <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321 (1971), decisions which give substantial meaning to the phrase "when justice so requires." In <u>Foman</u>, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. In <u>Zenith Radio Corp.</u>, the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

<u>Phelps v. McClellan</u>, 30 F.3d 658, 662-63 (6th Cir.1994) (citing <u>Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau</u>, 786 F.2d 101, 103 (2d Cir.1986)). <u>See also Moore v. City of Paducah</u>, 790 F.2d 557 (6th Cir.1986); <u>Tefft v. Seward</u>, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among

4

other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir.1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir.1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that Ms. Jones' motion to amend her complaint to include wage claims will be decided.

Although the inquiries are conceptually distinct, the reasons found by the Court to constitute good cause under Rule 16(b) also weigh in favor of allowing Ms. Jones to amend her complaint to include her proposed wage claims under Rule 15(a). That is, as discussed above, Ms. Jones has not acted to delay this matter and defendants have not identified, nor given the status of this case can the Court imagine, any prejudice they will suffer if leave to amend is granted. With respect to the other considerations delineated by the Sixth Circuit, this is Ms. Jones' first motion to amend and there is no evidence that she is

acting in bad faith. Consequently, the motion for leave to amend will be granted as it relates to Ms. Jones' proposed wage claims.

### III. The Proposed Retaliation Claims

With respect to defendants' futility argument addressed to Ms. Jones' retaliation claims, there is some conceptual difficulty presented by this argument. A Magistrate Judge cannot ordinarily rule on a motion to dismiss, see 28 U.S.C. §636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim.

At least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss. Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed.

To establish a *prima facie* case of a retaliation claim, Ms. Jones must allege:

    (1) she was engaged in a protected activity;
    (2) this exercise of protected rights was known to defendants;
    (3) defendants thereafter took adverse employment action against her, or she was subjected to severe and pervasive retaliatory harassment by a supervisor; and,
    (4) there was a causal connection between the protected activity and the adverse employment action or harassment.

Michael v. Caterpillar Financial Services Corp., 496 F.3d 584 (6th Cir. 2007) (citing Morris v. Oldham County Fiscal Court, 201 F.3d 784, 792 (6th Cir. 2000)).

Defendants have challenged the sufficiency of Ms. Jones'

allegations with respect to the third and fourth elements. However, Ms. Jones asserts that she has sufficiently alleged adverse employment actions including the defendants' attempt to reinstate her to a previous account at a lesser commission rate, a downgrade in her annual performance evaluation, the removal of a doctor from her employment agreement, and her placement on a performance improvement plan. Further, Ms. Jones contends that these allegations demonstrate a course of conduct sufficient to suggest a causal connection to her protected activity.

The Court finds that Ms. Jones has made a substantial argument regarding her retaliation claims. Consequently, the motion to amend will be granted as it relates to these claims. In reaching this conclusion, the Court finds no merit to defendants' argument, set forth in a footnote, that Ms. Jones retaliation claim as far as it relates to her performance review of April 9, 2009 should be denied because she was aware of it prior to the amendment deadline of April 30, 2009.

## IV. Disposition

Based on the foregoing, plaintiff's motion to amend (#21) is granted. The Clerk shall detach and file the amended complaint attached to the motion.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge